[Civ. No. 17482. Second Dist., Div. One. Mar. 27, 1950.]

## WILLIAM PECK, Respondent, v. STATE OF CALIFORNIA, Appellant.

James W. Hickey, Chief Inheritance Tax Attorney, and Raymond G. LaNoue, Deputy Inheritance Tax Attorney, for Appellant.

Byron G. Hill for Respondent.

DORAN, J.—The action herein is one to recover a gift tax paid under protest pursuant to section 16251 of the Revenue and Taxation Code. The state's demurrer to the complaint was overruled; the state having failed to answer, judgment was rendered for the plaintiff, from which judgment this appeal is taken.

"During the years 1940 and 1941," quoting from the complaint, "plaintiff made gifts to Helen J. Tharp (who became plaintiff's wife on August 10, 1943) having a net value, in excess of the annual exemption ($4,000.00), of $8,795.61. One Specific Exemption of $50.00 was applied, and a gift tax at the rate of 7% was paid on the balance of $8,745.61, or a total of $612.19."

After the marriage of Helen J. Tharp and William Peck in 1943, the husband made further net gifts to the wife of $8,550 in 1945; $6,000 in 1946; and $6,000 in 1947; making total net gifts to Helen J. Tharp, now Helen J. Peck, of $29,345.61. Plaintiff's position, as expressed in the complaint, is that "In determining the amount of gift tax due from plaintiff on gifts made to plaintiff's wife during the year 1947, the Controller has erroneously included as a part of the wife's specific exemption of $24,000.00, the sum of $8,745.61 on which the donor had already paid a gift tax at the rate of 7% for gifts made during the years 1940 and 1941."

The present controversy turns upon the interpretation of section 15204 et seq. of the Revenue and Taxation Code. After providing in section 15203 that the gift tax "is computed on the market value of the gift at the date of the gift, but only on that portion in excess of the exemptions allowable, and at the rates which are then in effect," section 15204 specifies that "The tax for any calendar year on gifts to a donee is computed as follows:

(a) Determine the aggregate sum of:
    (1) The net gifts to the donee for the calendar year, and
    (2) The net gifts to the same donee for each of the preceding calendar years.
(b) From this aggregate sum deduct:
    (1) The net gifts to the donee for the preceding calendar years, and
    (2) The specific exemption, less such portion as may have been used in computing the tax for preceding calendar years.
(c) Apply to the remainder the same rates that would have been applicable had the deductions not been made."

Section 15426 provides that "The exemption allowed by this article shall be applied to the amount of net gifts as the net gifts are made. If the exemption, or any unused portion

of the exemption, exceeds the net gifts in any calendar year, the excess may be applied to the net gifts in subsequent calendar years until the maximum allowable has been used.''

According to the appellant's brief, the $150.37 gift tax assessed on the 1947 gift, was arrived at as follows:

1. Sum of all prior net gifts ......................$23,345.61
2. Net gift calendar year 1947 .................   6,000.00

   Total net gifts ..........................$29,345.61
3. Amount of specific exemption consumed by prior gifts ....................................  23,345.61
4. Amount of 1947 gift to be applied to equal specific exemption ...........................    654.39

   Total specific exemption consumed ........$24,000.00
5. Remainder left to tax .......................   5,345.61
6. Amount above specific exemption up to the first tax bracket of $25,000, ($25,000 minus $24,000)   1,000.00
7. Rate of first bracket 2 per cent tax...........     20.00
8. Amount remaining ..................$4,345.61
9. Rate of second bracket 3 per cent tax .........    130.37

   Total tax .............................$   150.37

Respondent, however, submits the following tabulation which was apparently adopted by the trial court in overruling the demurrer:

| Year of Gift | Value of Gift in Excess of Annual Exemption | Allowable Specific Exemption | Balance of Gift Subject to Tax | Rate | Amount of Tax Paid |
|---|---|---|---|---|---|
| 1940 | $ 3,500.00 | $ 50.00 | $3,450.00 | 7% | $241.50 |
| 1941 | 5,295.61 | None | 5,295.61 | 7% | 370.69 |
| 1943 | ........ | Donor and donee were married | | | |
| 1945 | 8,550.00 | 8,550.00 | | | |
| 1946 | 6,000.00 | 6,000.00 | | | |
| 1947 | 6,000.00 | 6,000.00 | | | |
| Totals | $29,345.61 | $20,600.00 | $8,745.61 | | $612.19 |

The respondent's contention is that ''Since the donee wife's aggregate allowable specific exemption on all gifts made to her, both before and after her marriage to donor, amounts to less than $24,000, no gift tax is due on the 1947 gifts.'' Under this theory, ''Not only is no tax due on the gifts made in 1947, but $3,400.00 of the wife's specific exemption remains to be deducted from her husband's gifts to her in years subsequent to 1947.''

Respondent's brief points out that according to appellant's formula ''the tax could result in a wife's specific exemption being limited to $50,'' since if before marriage the husband

gave the wife $25,000 in excess of the annual exemption, the donee's exemption (class D) would be only $50, leaving balance of $24,950 subject to 7 per cent tax. "If husband then marries donee and gives her a further gift of $25,000, the entire $25,000 will be taxable as the prior gifts were in excess of her new specific exemption of $24,000. This, we cannot believe, was what the Legislature intended."

It will be observed that the sections of the Gift Tax Law contain no reference whatsoever to change of status of the Donee, — the precise matter here involved. Nor has either party been able to cite any decisions directly or indirectly bearing upon this point. Apparently, therefore, the case is one of first impression. Although the amount of tax involved is small, — $150.37, as appellant's brief suggests, the interpretation of the statute is of no inconsiderable importance.

Basically, appellant's position is that since the Gift Tax Law makes no exception where the position of the donee has undergone a change by reason of marriage or otherwise, such change of status is of no importance and the gift tax should be computed without regard thereto. It is appellant's claim that only thus will the tax law operate to eliminate "all inequality in the tax burden as to all donees similarly situated."

The lower court's decision, squarely against the state's contention, was, says appellant's brief, "no doubt based upon the rule that a statute will not be held to impose a tax unless it is clear and explicit, that is, that taxing statutes are to be strictly construed." *Estate of Childs*, 18 Cal.2d 237 [115 P.2d 432, 136 A.L.R. 333], and other cases cited in support of appellant's position, deal with inheritance taxes, and do not touch upon the matter here involved.

The respondent's brief, agreeing with appellant that under the statute all gifts should be aggregated, submits that "the amounts of the donee wife's specific exemption used in computing the tax for the preceding years . . . must also be aggregated."

Consideration of the language used in the Revenue and Taxation Code as reasonably applied to the circumstances here existing, together with the general rules applicable to tax measures, leads to the conclusion that the trial court properly overruled the demurrer to respondent's complaint, and entered judgment for the return of the tax paid under protest.

It is fundamental, and conceded by both parties, that taxing statutes are to be strictly construed. This precept, however, as respondent's brief suggests, ''must never be applied to exclude the rule of reasonableness, or to render the exempting language so narrow and restricted as to defeat the apparent legislative intent.'' To adopt the appellant's interpretation would in effect write into the Gift Tax Law something which is not there,—a function entirely outside the limits of judicial action.

Moreover, appellant's interpretation would seem to be reasonable only in the sense that it would increase tax revenues. Under such a theory double taxation could be easily justified. The taxing power, rightly deemed a necessary adjunct to government, should not be extended by limiting the effect of exemptions given, particularly when such exemptions have reference to the close family relation here involved. Since the taxing statute makes no mention of what is to take place upon a change of the donee's status, it affords no assistance to the determination of the present problem. The trial court had therefore to determine what would be a reasonable construction. There is nothing to indicate that the construction adopted is other than reasonable.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 25, 1950.